NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD ZINN, Individually and as Sole Shareholder of Excalibur Bagel & Bakery Equipment, Inc., and EXCALIBUR BAGEL EQUIPMENT, INC., | : : : : : | |
| Plaintiffs, | : : | Civ No. 05-3572 (GEB) |
| v. | : : | MEMORANDUM OPINION |
| KARIN SERUGA, Individually and as Sole Shareholder of Excellent Bakery Equipment Co., and EXCELLENT BAKERY EQUIPMENT CO. | : : : : | |
| Defendants. | : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Karin Seruga and Excellent Bakery Equipment Co.'s (collectively "Defendants") Motion to Dismiss Counts I, II, V and VIII of the Amended Complaint. This matter was transferred to the undersigned on June 15, 2007, and the Court has read and considered all the parties' submissions, and the Court has decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Defendants' motion with respect to Count V and grant the motion with respect to Counts I, II and VIII.

**I.    BACKGROUND**

The parties are in the business of manufacturing, servicing and selling bagel and bakery

equipment. *See* July 28, 2006, Opinion and Order re: Defendants' Motion to Dismiss the Complaint ("July 28th Opinion") at 2. Zinn and Seruga were formerly husband and wife. *Id.* During their marriage they owned two businesses, Excelsior and Banta, which also manufactured, serviced and sold bagel and bakery equipment. *Id.* These businesses were licensed distributors of Artofex (the "Mark") products. *Id.* Zinn and Seruga divorced in 1997 and each formed a new business to continue the same line of work they had previously engaged in. *Id.* at 2-3. Thereafter, Seruga purportedly obtained exclusive rights in the Mark and attempted to prevent Zinn from using it in his business. *Id.* at 5. In April of 2004, Defendants filed a law suit against Plaintiffs in state court, alleging Plaintiffs breached the Settlement Agreement that Zinn and Seruga had executed during their divorce by using the Mark inappropriately and otherwise interfering with Defendants' business. *Id*. at 5-6. On July 18, 2005, Plaintiffs filed the present action, seeking, among other things, cancellation of the Mark and a declaratory judgment that the Mark is invalid*. Id.* at 2.

      The Mark was originally registered with the United States Patent and Trademark Office ("USPTO") on August 16, 1927, under registration number 231276 ("276 registration"). *Id.* at 3. The 276 registration was reassigned numerous times, and the parties agree that these assignments contained numerous errors. (Defendants' Brief at 6-7). On September 17, 2003, Seruga filed a use-based application for the Mark, application number 76/545, 438 ("438 application"). July 28th Opinion at 4. While the application was pending, Seruga's trademark counsel corrected the errors in the 276 registration's assignments. (Defendants' Brief at 7, 18). Additionally, Seruga's counsel amended the dates of first use listed on the 438 application to rely on the dates of first use of Seruga's predecessors in interest listed on the 276 registration. *Id.* at 6-7. On May 30,

2

2006, the USPTO approved the 438 application and issued a second registration for the Mark, registration number 3,097,038 ("038 registration"). *Id*. at 1 fn.2.

The background of this dispute is described at length in the July 28th Opinion. On July 18, 2005, Defendants filed the first Motion to Dismiss the Complaint. The Court conducted a hearing on this motion on July 27, 2006. During the hearing, the Court held that the Complaint was "not well articulated," but provided Plaintiffs the opportunity to amend Counts I, II, VI and VIII. (Defendants' Brief Ex. 15 at 22-23 (Transcript of Hearing)). The Court cautioned the plaintiffs that if they filed an amended complaint that was not based on actual fact, but rather continued to recite unsupported, conclusory allegations, the Court would impose sanctions. *Id.*

On July 28th, the Court issued an Opinion and Order, describing the deficiencies in Counts I, II, VI and VIII of the Complaint and providing case law to aid Plaintiffs in amending the Complaint. In Counts I, II and VI, Plaintiffs sought cancellation of the 276 and 038 registrations on the grounds that these were procured through fraud. Specifically, in Count I, Plaintiffs described four assignments in the Mark's chain of title and alleged that assignments 2-4 were invalid because the assignors did not own the Mark at the time of the assignments. Complaint ¶¶ 8-16. Plaintiffs also alleged without explanation that Seruga obtained title to the 276 registration fraudulently. *Id.* at ¶ 16. Count II alleged that assignments 2-4 were invalid because the Mark was assigned without the accompanying good will of the business. *Id.* at ¶¶ 19-23. Plaintiffs again alleged without explanation that Seruga obtained title to the 276 registration fraudulently. *Id.* at ¶ 24. Count VI alleged that Defendants obtained the 038 registration fraudulently by claiming April 4, 1927, and April 1, 1977, as their dates of first use. *Id.* at ¶¶ 53-58. Plaintiffs alleged these dates were misrepresentations because these created the

3

impression that Seruga personally used the Mark in 1977, while, in actuality, she used the Mark jointly with Zinn from 1977 to 1995 through their businesses Banta and Excelsior. *Id.* at ¶¶ 55-56.

Count VI also alleged that Seruga committed fraud by representing on the 438 application that she had no knowledge of any other person or entity that had the right to use the Mark in commerce. *Id.* at ¶ 60. Plaintiffs allege this statement was fraudulent because Seruga knew that Plaintiffs had the right to use the Mark pursuant to the Settlement Agreement. *Id.* Count VIII alleged that Defendants engaged in product disparagement by publishing disparaging statements about Plaintiffs on their website. *Id.* at ¶¶ 71-74. Plaintiffs did not specify their damages, but, rather, generally averred that these statements "caused Plaintiffs to sustain damages." *Id.* at ¶ 75.

In the July 28th Opinion, the Court explained that "[f]raudulent procurement occurs when an applicant 'knowingly makes false, material representations of fact in connection with an application.'" *Id.* at 19 (quoting *Metro Traffic Control v. Shadow Network*, 104 F.3d 336, 340 (Fed. Cir. 1997)). The Court pointed out the distinction between a false statement based on a misunderstanding or mere omission, which is not actionable, and a fraudulent statement made with an intent to mislead, which is actionable. July 28th Opinion at 20 (citing *Metro Traffic Control*, 104 F.3d at 340)). Further, the Court stated that "[f]raud must be proved by clear and convincing evidence by the party seeking cancellation based on fraudulent procurement." July 28th Opinion at 19 (citing *Metro Traffic Control*, 104 F.3d at 340)). Accordingly, the Court instructed Plaintiffs to amend Counts I and II to allege specific facts tending to prove that Seruga knowingly made misleading statements to obtain the assignments. July 28th Opinion at 20. The Court also instructed Plaintiffs to "revise" Count VI. *Id.* at 21-22.

With respect to Count VIII, the Court explained that pursuant to *Mayflower Transit, LLC, v. Prince*, 314 F. Supp. 2d 362, 377 (D.N.J. 2004), when pleading product disparagement, plaintiffs are required to allege special damages. *Id.* at 26-28.

On August 14, 2006, Plaintiffs filed the Amended Complaint. They amended Count I to add the following allegations of fraud: (i) Seruga misrepresented that she used the Mark since 1977, while knowing that use of Mark from 1977 to 1995 was in conjunction with Zinn through their businesses, Amended Complaint ¶ 16; (ii) Seruga "falsely corrected" the previous assignments and failed to disclose in her Request for Correction that her use of the Mark from 1977 to 1995 was not personal, *id.* at ¶ 17; and (iii) in procuring registration 038, Seruga knowingly misrepresented that she owned registration 276 and used the Mark since 1977, *id.* at ¶ 18. Plaintiffs amended Count II to add essentially the same allegations as in Count I. Namely, Plaintiffs added that: (i) the corrections made to the previous assignment of registration 276 and the corrections made to the first dates of use in the 438 application were "false," *id.* at ¶ 28; (ii) in procuring registration 038, Seruga knowingly misrepresented that she owned registration 276, *id.* at ¶ 29; and (iii) Defendants committed fraud by failing to disclose that Seruga did not personally use the Mark from 1977 to 1995, *id.* at ¶¶30-31. Plaintiffs did not amend Count VI, but did rename it Count V. Plaintiffs amended Count VIII to allege that they sustained damages in the form of "a general diminution in sales." *Id.* at ¶73.

On August 31, 2006, Defendants filed the Motion to Dismiss Counts I, II, V and VIII of the Amended Complaint. Briefing on the matter now complete, the Court will address the pending motion.

## II. DISCUSSION

### A. Governing Legal Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court "must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). A court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* "To withstand a motion to dismiss, 'a plaintiff is not required to provide evidence of or prove the truthfulness of his complaint.' However, the Court is not required to accept conclusory allegations." *Eli Lilly & Co. v. Russel Corp.*, 23 F. Supp. 2d 460, 474-75 (D.N.J. 1998) (quoting *Quinones v. Szorc*, 771 F.2d 289, 291 n.3 (7th Cir. 1985)). The complaint must allege sufficient information to outline the elements of the claims or to permit an inference that these exist. Fed. R. Civ. P. 8(a)(2)*; Syncsort Inc. v. Innovative Routines Int'l, Inc.*, 2005 WL 1076043, * 1 (D.N.J. May 6, 2005) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

As the Court explained in the July 28th Opinion, to survive a motion to dismiss, Plaintiffs must revise the fraud claims in Counts I, II and VI (now V) to allege that Defendants knowingly made false, material representations to the USPTO in procuring the trademark registrations. Courts have consistently differentiated between a false statement and a fraudulent one. July 28th Opinion at 20 (citing *Metro Traffic Control*, 104 F.3d at 340). "'If it can be shown that the statement was a 'false misrepresentation' occasioned by an 'honest' misunderstanding, inadvertence negligent omission or the like rather than one made with willful intent to deceive, fraud will not be found.'" *Metro Traffic Control*, 104 F.3d at 340 (quoting *Smith Int'l, Inc., v.*

6

*Olin Corp.*, 209 U.S.P.Q. (BNA) 1033, 1043 (TTAB 1981)).

Additionally, Fed. R. Civ. P. 9(b) requires a plaintiff to plead fraud with particularity. Specifically, Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) applies to common law and statutory fraud claims. *See, e.g., Williamson v. Allstate Ins. Co.*, 204 FRD 641, 645 fn.5 (D. Ariz. 2001). "A charge of fraud on the PTO is subject to the strict pleading requirement of Rule 9(b)." *Scripps Clinic & Research Foundation v. Baxter Travenol Laboratories, Inc.*, 1988 U.S. Dist. LEXIS 1972, *6-7 (D.Del. March 9, 1988); *see also Scervini v. Miles Laboratories, Inc.*, 11 F.R.D. 542, 543 (S.D.N.Y. 1951) (same).

The purpose of Rule 9(b) is to put defendants on notice of the exact misconduct that they are accused of and to safeguard their reputations against unfounded allegations. *Seville Indus. Mach. Corp. v. Southmost Mach. Corp*, 742 F.2d 786, 791 (3d Cir. 1984). The requirements of Rule 9(b) are met "if the complaint describes the circumstances of the alleged fraud with precise allegations of date, time or place. Alternatively, plaintiffs must use some means of 'injecting precision and some measure of substantiation into their allegations of fraud.'" *Eli Lilly & Co.*, 23 F. Supp. 2d at 491-492 (citations omitted).

The Court also explained that Plaintiffs must plead special damages in connection with their product disparagement claim. Pursuant to *Mayflower*, these entail allegations of either the loss of identified customers or a general diminution in business plus extrinsic facts showing that the false publication directly caused the diminution. 314 F. Supp. 2d at 378. Additionally,

> if predicating a claim on a general diminution in business, plaintiff "should have alleged facts showing an established business, the amount of sales for a substantial period proceeding the publication,

7

the amount of sales for a [period] subsequent to the publication, facts showing that such loss in sales were the natural and probable result of such publication, and facts showing the plaintiff could not allege the names of particular customers who withdrew or withheld their custom." [*Id.* (quoting *Juliano v. ITT Corp.*, 1991 WL 10023, *6 (D.N.J. Jan. 22, 1991)].

**B.     Counts I, II and VIII of the Amended Complaint are Subject to Dismissal**

In Amended Counts I and II, Plaintiffs failed to plead fraud with the particularity required by the aforementioned case law and Rule 9(b). The allegations added to Count I concerning Defendants' failure to disclose the parties' joint use of the Mark, amendment to first dates of use, corrections to previous assignments and representation of ownership of the 276 registration are insufficient to support a fraud claim. These do not permit an inference that Defendants knowingly made false, material misrepresentations to the USPTO.

First, Plaintiffs have not plead with particularity that Defendants' failure to disclose the parties' joint use of the Mark was a knowing misrepresentation. Defendants argue that there was no need to represent to the USPTO that the parties jointly used the Mark though Excelsior and Banta because such use did not confer ownership rights on the parties. (Defendants' Brief at 16). Defendants explain that the parties were distributors authorized to use the Mark in the United States in connection with the sale of authentic Artofex products. *Id.* Pursuant to the Trademark Manual of Examining Procedure ("TMEP") Section 1201.06(a), "A distributor, importer or other distributing agent of the goods of a manufacturer or producer does not acquire a right of ownership in the manufacturer's or producer's mark merely because it moves the goods in trade." Defendants argue that following the divorce, Zinn lost any right to use the Mark, while Seruga continued to use the Mark as the exclusive distributor of Artofex products.

*Id.* Absent a precise and substantiated allegation by Plaintiffs to the contrary, the Court is inclined to conclude that Defendants' failure to disclose the parties' joint use was at worst a misunderstanding of the law or some other mistake.

Second, Plaintiffs have not plead with particularity that Defendants' amendments to the dates of use constitute knowing misrepresentations. Defendants argue that these were in accordance with TMEP Section 903.06, which allows an assignee to claim her predecessor in interest's date of first use. (Defendants' Brief at 16-17). Defendants also argue that they followed the procedure delineated in TMEP Sections 903.05-903.07 in making the amendments. *Id*. Plaintiffs have again alleged that Defendants' knowledge of the parties' joint use of the Mark in 1977 indicates that they made a knowing misrepresentation in amending their date of use to 1977. Amended Complaint ¶¶ 16-17. This allegation is not sufficiently specific. Plaintiffs have not articulated a logical connection between Defendants' knowledge of the parties' joint use and fraud in amending their dates of use.

Third, Plaintiffs have not plead with particularity that Defendants' corrections to the previous assignments were knowing misrepresentations. Plaintiffs merely allege that the corrections were "false." Amended Complaint ¶17. Plaintiffs have not substantiated this claim in accordance with Rule 9(b).

Fourth, Plaintiffs have not plead with particularity that Defendants knowingly misrepresented their ownership of the 276 registration on the 438 application. Plaintiffs allege that there are various errors in the Mark's chain of title, but do not allege that Defendants knew about these at the time they submitted the 438 application. Amended Complaint ¶¶ 8-15. To the extent that Defendants made a misrepresentation, Plaintiffs have failed to allege that they did

so knowingly. Therefore, Plaintiffs have not pled this claim with particularity in accordance with Rule 9(b).

Plaintiffs amended Count II to add essentially the same allegations as Count I. The Court has addressed these. Additionally, the unamended portion of Count II alleges that assignments 2 through 4 were invalid because they omitted the goodwill of the business. Accepting these allegations as true, the Court concludes that these do not indicate that Defendants made knowing misrepresentations. To allege fraud, Plaintiffs would have to plead that Defendants knew about or encouraged these omissions. Plaintiffs have not done so. The Court will not hold Defendants responsible for knowing the legal requirements for preparing and recording assignments.

Further, Plaintiffs argue for the first time in their Brief that they have asserted sufficient information to support the claim that the 276 registration was "abandoned by virtue of naked assignments by companies holding no legal interest in the mark or that the purported assignments to Seruga were assignments in gross." (Plaintiffs' Brief at 12). The Amended Complaint makes no reference to these claims. The Court will not address causes of action raised for the first time in the Plaintiffs' Brief.

Plaintiffs did not revise Count V pursuant to the Court's instructions. In Count V, Plaintiffs allege that Seruga misrepresented in the 438 application that she had no knowledge of another's rights in the Mark while knowing that the Settlement Agreement granted Zinn with ownership rights. Defendants argue that the Settlement Agreement only addressed the truthful, fair use of the Mark and did not grant to Zinn any ownership rights. (Defendants' Brief at 20-21). They argue that Seruga believed that the declaration referred to another's ownership rights

and not to the right of fair use; therefore, she did not make a knowing misrepresentation. *Id*.

The Court concludes that Count V is sufficient to withstand the motion to dismiss. Plaintiffs' allegations are specific and substantiated. The Settlement Agreement provides in relevant part:

> Each party shall be entitled to purchase, rehabilitate and sell Artofex equipment; and shall be entitled to make, advertise and sell parts . . . which can be used  with or substituted for original Artofex equipment, and both parties can advertise that they are capable of servicing Artofex equipment as long as such statements are true. [Complaint, Ex. 7 Section (f) (Settlement Agreement)].

Whether the Agreement conferred Zinn with the rights referenced in the 438 application and whether Seruga knew or should have known are triable issues of fact.

In Count VIII, Plaintiffs have not plead special damages in accordance with the Court's instructions. Plaintiffs argue that they cannot quantify their diminution in sales absent additional discovery. (Plaintiffs' Brief at 14). Plaintiffs also argue that they are reluctant to name lost customers because the parties are competitors and this information should only be revealed through a Rule 26 protective order. *Id.* at 15.

Pursuant to *Mayflower*, Plaintiffs were required to allege that their business is established, the amount of sales preceding the publication and the amount of sales following the publication. Further, Plaintiffs were also required to allege facts establishing the causal link between the disparaging statements and their diminution in sales. Plaintiffs did not comply with any of these requirements, even though the Court discussed the *Mayflower* decision at the July 27th hearing and in the July 28th Opinion. Plaintiffs' argument that they need further discovery to plead the aforementioned information is unpersuasive. Plaintiffs have access to their business

records.  There is no excuse for their failure to allege that their business is established and the drop in sales.  Further, Plaintiffs' argument that they cannot disclose the names of lost customers without a Rule 26 protective order is equally unpersuasive.  If this were a legitimate concern, Plaintiffs should have raised it at the July 27th hearing when the parties engaged in an extensive discussion of this issue, or alternatively sought a protective order.

### III.     CONCLUSION

For these reasons, Counts I, II, and VIII of the Amended Complaint are hereby dismissed with prejudice.  Defendants' Motion to Dismiss Count V of the Amended Complaint is hereby denied.

Dated: August 29, 2007

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.